# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCKHILL DIVISION

|  |  |
|---|---|
| The United States of America, | Case No. 0:19-cr-00420-JMC-1 |
| v. | **ORDER AND OPINION** |
| George Alexander Underwood, et. al., Defendants. |  |

This matter is before the court on the South Carolina Attorney General Alan Wilson's Motion to Quash (ECF No. 72). Defendant George Underwood ("Underwood"), through counsel, served the Attorney General with a subpoena (ECF No. 75-1) to produce various documents regarding prosecutorial matters related to the instant criminal case and the potential prosecution of Kevin and Earnestine Simpson ("the Simpsons"). The subpoena orders the Attorney General to produce these documents at the Moore Taylor Law Firm in West Columbia, South Carolina on August 12, 2019 at noon. (*Id*.) The Attorney General now moves to quash the subpoena, asserting that it is unreasonable and improper under Rule 17 of the Federal Rules of Criminal Procedure. For the reasons set forth below, the Motion to Quash is **GRANTED**.

## I. FACTS RELEVANT TO PENDING MOTION

On November 20, 2018, Underwood, along with other officers, arrested two individuals—the Simpsons. (ECF No. 1 at 8 ¶ 12.) State charges were filed against the Simpsons, but were dropped several days after the arrest. The instant case involves the Department of Justice's ("DOJ") subsequent charges against Underwood for alleged misconduct in executing the Simpsons' arrest, whereby the DOJ alleges that Underwood, *inter alia*, arrested the couple without

probable cause and falsified records. (*Id*. at ¶ 12.) Underwood denies all allegations in the indictment. (ECF No. 31.) In an attempt to "compel testimony and other admissible evidence" and to develop a defense in the instant criminal case, Underwood served a subpoena upon the South Carolina Attorney General. (ECF No. 72 at 10-12; ECF No. 75-1.) Underwood contends that the DOJ and the South Carolina Attorney General's Office "colluded regarding the dismissal of the State warrants against the Simpsons" in order to build a stronger case against Underwood. (ECF No. 75 at 3.)

Underwood's subpoena includes two requests:

(1) all written or electronic communications, to include emails, between the Attorney General's Office and the U.S. Department of Justice (as well as any other federal agency) pertaining to Underwood's instant criminal case or the State charges against Kevin and Ernestine Simpson.

and;

(2) all written and electronic communications, to include email, between the Simpsons' attorney and the Attorney General's Office related to those state charges.

(ECF No. 72 at 10-12; ECF No. 75-1.)

In response to the subpoena, the South Carolina Attorney General filed its Motion to Quash the subpoena (ECF No. 75). The court heard arguments on this Motion to Quash on August 20, 2019.

## II. LEGAL STANDARD

Under Rule 17 of the Federal Rules of Criminal Procedure, "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1) (emphasis added). Stated

differently, "Rule 17 authorizes subpoenas for production of evidence at trial." *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D. Ohio 1996).

"On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Specifically, in the third-party subpoena context, the district court is bound to follow the U.S. Supreme Court's precedent in *United States v. Nixon*, 418 U.S. 683, 700 (1974). In *Nixon*, the Court required the requesting party to show: (1) relevancy; (2) admissibility; and (3) specificity. *Nixon*, 418 U.S. at 463; *see also United States v. Rand*, 835 F.3d 451, 463 (4th Cir. 2016) (upholding the district court's use of the *Nixon* standard, specifically). A district court's decision to quash a subpoena is reviewed for an abuse of discretion. *In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581, 584 (4th Cir. 2007). "A district court has abused its discretion if its decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *Id.* (quoting *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006)) (quotations omitted).

### III. DISCUSSION

To compel production, the Supreme Court has required that subpoenas cover (1) relevant evidentiary materials or documents; (2) that are not otherwise procurable by exercise of due diligence; (3) without which the party cannot properly prepare for trial; and (4) which is not intended as a fishing expedition. *Nixon*, 418 U.S. at 699. Further distilled, *Nixon* requires that a party seeking pre-trial production of documents demonstrate (1) relevancy, (2) admissibility, and (3) specificity with respect to the documents. *In re Martin Marietta 712 Corp.*, 856 F. 2d 619, 621 (4th Cir.1988). Additionally, **Rule 17 subpoenas are not a substitute for discovery**. *United States v. McDonald*, 444 F. App'x 710, 711 (4th Cir. 2011) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S. Ct. 675, 95 L. Ed. 879 (1951) ("[i]t was not intended by Rule 16

-3-

to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.") (emphasis added)).

A. *Request No. 1*

Underwood commands the South Carolina Attorney General's Office to produce "all written or electronic communications, to include emails, between the Attorney General's Office and the U.S. Department of Justice (as well as any other federal agency) **pertaining to Underwood's instant criminal case or the State charges against Kevin and Ernestine Simpson**." (ECF No. 72 at 10-12; ECF No. 75-1.) (Emphasis added.)

*(1) Documents Pertaining to Underwood's Instant Criminal Case*

Underwood essentially commands a non-party to produce "all written or electronic communications" between the DOJ, which is a party to the instant action, and the non-party, that **pertain to the instant action**. Underwood argues that he has "no other way to procure the requested items" absent the subpoena. (ECF No. 75 at 6.) However, based on Underwood's own cited authority, in order for a pre-trial subpoena to be valid, it must show…" that [the documents] are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence." *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (*citing United States v. Nixon*). Here, Underwood has not made such a showing. Indeed, the first request implicates the DOJ, which would presumably also have any copies of the requested communications between it and the South Carolina Attorney General's Office. The DOJ is currently obligated to provide discoverable information under Rule 16. It appears that the documents would be "otherwise producible reasonably in advance of trial" through the normal course of discovery. *See, e.g.,* Fed. R. Crim. P. 16 (a)(1)(E). While the court understands Underwood's argument that "it is highly unlikely that [DOJ] will turn over requested communications through discovery as they know it

will uncover collusion against the Defendants," (ECF No. 75 at 6.), Underwood has provided the court with no tangible or otherwise concrete evidence suggesting that the opposing party would conceal the requested information. Further, Underwood **has not even specifically requested the emails or communications** through the Rule 16 discovery process. Underwood has submitted his "Notice to Brady Motion and Rule 16 Request for Disclosure Necessary to A Defense," whereby he requested "all documents which are material to the preparation of his defense," (ECF No. 22 at ¶ 5.), but has not attempted to request the specific documents at issue.

*(2) Documents Pertaining to the State charges against Kevin and Ernestine Simpson*

This court applies the *Nixon* standard, pursuant to which a criminal subpoena should not be used as "a discovery device," but instead should be used only as "a mechanism for obtaining specific admissible evidence." *United States v. Barnes*, 2008 WL 9359654, at *4 (S.D.N.Y. April 2, 2008); *see also United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (unlike in civil cases, "Rule 17(c) is not a method of discovery in criminal cases."). For this reason, the materials that can be compelled pursuant to a Rule 17(c) criminal subpoena are inherently narrow and specific. *See e.g. Nixon*. As the Eighth Circuit has stated, "the relevance and specificity elements 'require more than the title of a document and conjecture as to its contents,' and a subpoena should not be issued based upon a party's 'mere hope' that it will turn up favorable evidence." *United States v. Stevenson*, 727 F. 3d 926, 831 (8th Cir. 2013) (citation omitted). The proponent of a Rule 17 subpoena may not, therefore, utilize a subpoena to "fish for evidence that might support his theory, as if he were in the discovery phase of a civil action." *United States v. Richardson*, 607 F. 3d 357, 368 (4th Cir. 2010).

Underwood commands the South Carolina Attorney General's Office to produce "all written or electronic communication… [between the DOJ and AG's Office] **pertaining to the**

**State charges against Kevin and Ernestine Simpson.**" (ECF No. 72 at 10-12; ECF No. 75-1.) (emphasis added.) While the court agrees the information requested might be relevant to a defense, Underwood fails to address the two principal deficiencies in his subpoena—the lack of specificity and admissibility. Indeed, the "materials [sought under Rule 17] must themselves be admissible" at trial; it is not enough that they "contain information which could be admissible." *Cherry*, 876 F. Supp. at 552. To that end, Rule 17(c) subpoenas cannot be used to obtain documents that would be excluded on hearsay grounds or would otherwise be "inadmissible as evidence at trial." *United States v. Brown*, No. 95 CR. 168, 1995 WL 387698, at *10 (S.D.N.Y. June 30, 1995).

Although the United States Department of Justice is a party to this case, out-of-court statements by government agents are generally not admissible as party admissions under Federal Rule of Evidence 801(d)(2). *See United States v. Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (excluding statement of Assistant United States Attorney on hearsay grounds and noting that, for such statements to be admitted, they must be "the equivalent of testimonial statements") (citation and internal quotation marks omitted); *United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004) (excluding out-of-court statements of government informant because they were not "sworn statements submitted to a judicial officer"); *United States v. Forbes*, No. 3:02-CR-264, 2007 WL 141952, at *8 (D. Conn. Jan. 17, 2007) (excluding on hearsay grounds "unsworn, out-of-court statements of government attorneys contained in letters written by prosecutors"). *see also United States v. Skelos*, No. 15-CR-317, 2018 WL 2254538, at *5 (S.D.N.Y. May 17, 2018) (denying subpoena request demanding email communications between New York State Department of Financial Services and the Department of Justice and quashing due to admissibility issues).

Underwood has neither demonstrated that the documents requested are admissible nor has he made an argument as to why the court should be inclined to accept that the documents requested would be admissible.

Accordingly, with respect to Request No. 1, the South Carolina Attorney General's Motion to Quash is **GRANTED.**

B. *Request No. 2*

Underwood's second demand requests, "all written and electronic communications, to include email, between Kevin Simpson's and Ernestine Simpson's counsel and the South Carolina Attorney General's Office related to their respective criminal charges." (ECF No. 75-1.)

The court takes guidance from analogous decisions of the Fourth and Eighth Circuits in *Richardson,* 607 F. 3d at 368-369, and *Stevenson*, 727 F. 3d at 831. In both, the defendant sought to obtain documents from a third party to support his defense theory that a governmental entity and a third party had an untoward relationship, but the district courts quashed the subpoenas, finding that they failed *Nixon's* requirements. On appeal, the Fourth and Eighth Circuits each affirmed the lower courts because the documents requested issued by the defendants, though relevant, were too vague, suggesting instead attempts at exploratory discovery. So, too here.

Similar to Request 1, the court is inclined to agree that the documents in Request 2 are relevant to Underwood's defense. While relevance is certainly an important part of the overall inquiry, relevance alone is not enough to survive a motion to quash. *United States v. Overton,* No. 15-CR-9S, 2017 WL 6262227, at *2 (W.D.N.Y. Dec. 6, 2017) (quashing subpoena that requested "[a]ny and all reports, correspondence, electronic transmissions, handwritten notes, photographs, video recordings, or other writings" concerning an entire criminal investigation because, although relevant, request was not specific or admissible under Rule 17). Underwood has not presented

information establishing the items requested are admissible or specific as required under Rule 17(c).

Accordingly, as to Request No. 2, the South Carolina Attorney General's Motion to Quash is **GRANTED.**

## IV. CONCLUSION

Underwood's subpoena contains broad requests that do not identify specific documents to be produced for preparation for trial. Rather, Underwood's subpoena "reads like a civil discovery request, seeking 'the production of essentially any document that would support his theory that the requested documents will "uncover collusion [between the DOJ and the South Carolina Attorney General] against Defendants." *See Richardson*, 607 F. 3d at 368. Therefore, because Underwood's subpoena fails to conform to *Nixon's* requirements, the South Carolina Attorney General's Motion to Quash (ECF No. 72) is **GRANTED** in its entirety, and the subpoena is hereby quashed.

**IT IS SO ORDERED.**

*J. Michelle Childs*

October 10, 2019
Columbia, SC

United States District Judge