IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | CR No. 0:19-420-JFA |
| v. | **ORDER** |
| George Alexander Underwood and Johnny Ricardo Neal, Jr. | |

This matter is currently before the Court on Defendants George Alexander Underwood and Johnny Ricardo Neal, Jr.'s Motions for Release Pending Appeal. (ECF Nos. 366 & 375). Defendants assert the same ground for relief and therefore their motions are adjudicated together herein. Within their respective motions, Defendants request that this Court allow them to remain on bond pending appeal, and thus not report to a Federal Corrections Institute, as currently scheduled.[1]

## I.    **Factual and Procedural Background**

Underwood was indicted by way of a second superseding indictment for conspiracy in violation of 18 U.S.C. §371. Broadly, the Government alleged Underwood used his position as the Sheriff of Chester County, South Carolina, along with co-defendants Johnny Ricardo Neal, Jr., Robert Sprouse, and employees of that office, to enrich himself financially by flying his wife to an official function in Reno, Nevada, and by using

---

[1] This Court previously stayed Defendants' reporting dates to October 14, 2022, to allow for adjudication of the instant motions. (ECF Nos. 372 & 377).

employees of the Sheriff's department to work on his residential property. Underwood and Neal were also accused of violating the civil rights of K.S., a citizen of Chester County.

Defendants, along with co-defendant Robert Sprouse, were jointly tried from April 12, 2021, through April 23, 2021, the Honorable J. Michelle Childs presiding. The United States called 23 witnesses, including Sheriff's Office employees, and introduced dozens of exhibits, including a recording of K.S.'s arrest, photographs, Sheriff's Office records, and an analysis of the off-duty payments that formed the basis of the wire fraud charges. Defendants called expert Ray Nash, who offered opinions on Defendants' actions related to K.S.'s alleged unlawful arrest and the related uses of force. However, the Court limited a vast majority of Nash's proposed opinions during trial.

After deliberations, the jury found all three Defendants guilty of conspiracy, concluding as to Underwood that the objects included wire fraud and federal program theft. With respect to the substantive counts, the jury found Underwood guilty of unlawful arrest, federal program theft, and four counts of wire fraud, while finding him not guilty of tampering, falsification of records, and false statement.[2] The jury found Neal guilty of unlawful arrest, falsification of records, federal program theft, and eight counts of wire fraud, while finding him not guilty of unreasonable force.

---

[2] Specifically, Underwood was convicted on Count 1: Conspiracy to Violate Federal Law by Committing Wire Fraud and Committing Theft from a Federal Program in violation of 18 U.S.C. §§371, 1343 and 666(a)(1)(A); Count 2: Deprivation of Civil Rights in violation of 18 U.S.C. §242; Count 9: Theft form a Federal Program Exceeding §5,000 in violation of 18 U.S.C. §666(a)(1)(A); Counts 11- 14: Wire Fraud, in violation of 18 U.S.C. §1343. Underwood was acquitted on three counts of the superseding indictment that related to the alleged civil rights violation; counts 4, 6, and 7 (tampering, in violation of 18 U.S.C. 1512(c)(1), (2); falsification of records in federal investigation, in violation of 18 U.S.C. §1519 and 2; and false statement in violation of 18 U.S.C. §1001(a)(2)).

On July 12, 2022, the Court sentenced Underwood to 46 months in prison on each of the conspiracy, federal program theft, and wire fraud counts and 12 months on the unlawful arrest count (the statutory maximum)—each term to run concurrently. The same day, the Court sentenced Neal to 46 months in prison on each of the conspiracy, falsification records, federal program theft, and wire fraud counts and 12 months on the unlawful arrest count (the statutory maximum)—each term to run concurrently.

Both Defendants submitted a timely notice of appeal. Thereafter, they filed the instant motions seeking release pending appeal, raising a single issue related to the Court's evidentiary rulings on Nash's expert testimony about the K.S. arrest and subsequent investigative steps.

## II.   **Legal Standard**

Pursuant to 18 U.S.C. §3143(b):

[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

> > **(i)** reversal,
> > **(ii)** an order for a new trial,
> > **(iii)** a sentence that does not include a term of imprisonment, or
> > **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

3

Thus, although rebuttable by clear and convincing evidence, the "law has established a presumption in favor of detaining convicted defendants." *United States v. Langford*, 687 F. App'x 265 (4th Cir. 2017). "In applying § 3143(b)(2) the court must make two inquiries after finding that the appeal is not taken for the purpose of delay." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991). "First, whether the question presented on appeal is a 'substantial' one." *Id.* "Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant." *Id.*

If the judicial officer makes that finding, then the judicial officer shall order the release of the person in accordance with §3142(b) or (c) of 18 U.S.C. §3142.

### III.    <u>Analysis</u>

The Government does not contend that either Defendant poses a flight risk or danger to the community and does not argue that their appeals were filed for the purpose of delay. Thus, the remaining inquiry is whether the question presented on appeal is a substantial one important enough to warrant reversal or new trial.

Defendants essentially argue that the District Court erred in excluding expert opinions from Nash, which were offered in relation to the alleged civil rights violation of K.S. Thus, Defendants conclude that if Nash were allowed to offer his full array of expert opinions, the jury would have acquitted Defendants of Count 2— the only charge relating to the civil rights violation of K.S. for which the Defendants were convicted. Therefore, Defendants aver that there is a substantial question of law or fact likely to result in a

reversal or new trial as to Count 2. Even if this Court were to assume that Defendants are correct, their motions still fail as a matter of law.

On their face, these motions only challenge the unlawful arrest count and associated 12-month sentence. These motions do not contest the validity of the other seven counts of conviction for Underwood and eleven for Neal. Because the question Defendants raise is only relevant to one of the numerous counts and both Defendants were sentenced to concurrent 46-month terms on the remaining unaffected counts, Defendants have not satisfied the standard for release, regardless of the merits of this lone claim. *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991)(holding that the "substantial question is important enough to warrant reversal or a new trial on *all counts* for which the district court imprisoned the defendant.")(emphasis added); *see also Morison v. United States*, 486 U.S. 1306, 1306–07 (1988)("Because [defendant] has not shown that his appeal is likely to result in reversal with respect to all the counts for which imprisonment was imposed, his application is denied.")(internal citations and quotations omitted).

Because Defendants' other counts of conviction would remain valid regardless of the ultimate determination of Defendants' challenge to Count 2, the Court need not address the merits of Defendants' contention that the question presented is substantial and likely to warrant reversal or a new trial.

### IV.    <u>Conclusion</u>

For the reasons stated above, Defendants' motions for Release Pending appeal (ECF Nos. 366 & 375) are respectfully denied. Defendants are ordered to report to their

respective correctional institutions as directed by the Bureau of Prisons on October 14, 2022, unless a later reporting date is ordered by the BOP.

IT IS SO ORDERED.

October 5, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge